REQUESTED BY: Ronald D. Lahners, Lancaster County Attorney.
Does a lien attach to a mobile home for delinquent taxes, so that such taxes may be collected by levy on the mobile home after it has been transferred to a subsequent purchaser?
No.
In 1978 the Legislature passed LB 660, section 7 of which is codified as section 77-1240.05, R.S.Supp., 1978, and reads:
 "(1) Except as provided by section 77-1240.06, one half of the taxes due under section 77-1240 for cabin trailers and mobile homes as defined in sections 60-1601
and 60-1601.01 shall become delinquent on March 1 and shall be paid prior to the registration of the cabin trailer or mobile home for the following registration period.
 "(2) The second half of such taxes shall become delinquent on September 1.
 "(3) If the second half of such taxes are not paid by October 1, the delinquent taxes shall be collected in accordance with the provisions of section 77-1241."
In general, mobile homes are taxed as motor vehicles, except that the staggered registration used for ordinary motor vehicles does not apply to mobile homes, but such homes are issued permits renewable on January 1st of each year. See section 60-1605, R.R.S. 1943.
Section 77-205, R.R.S. 1943, provides that all general personal property taxes shall be due and payable on November 1st next following the date of levy, and from the date shall be a first lien upon the personal property of the person to whom assessed. We do not believe this section can have any application to taxes on mobile homes. Motor vehicle taxes are consistently distinguished from personal property taxes in the statutes. We have been unable to find a statutory provision providing for a comparable lien for motor vehicle taxes. As a matter of fact, the first sentence of section77-1241, R.R.S. 1943, dealing with the due and delinquent dates of motor vehicle taxes, is quite similar to section77-205, R.R.S. 1943, dealing with the due date of general personal property taxes, except that section 77-205 specifically provides for a lien on the personal property of the person to whom the taxes are assessed.
The absence of such a provision in section 77-1241 is probably significant.
You state that since the passage of section 77-1240.05
allowing payment of mobile home taxes in two installments, there have been many delinquencies in the second half payments. Section 77-1241, R.S.Supp., 1978, provides in part:
 ". . . When motor vehicle taxes on cabin trailers or mobile homes, which have been computed pursuant to section 77-1240, become subject to collection as delinquent under subsection (3) of section 77-1240.05, it shall be the duty of the county assessor to determine that cabin trailers or mobile homes for which such delinquent motor vehicle taxes remain unpaid are yet in possession of the person in whose name such motor vehicle taxes were computed, and to certify to the county treasurer that such taxes are due and delinquent and shall be collected.
 "Upon receipt of such certification, the county treasurer shall notify the owner of each such cabin trailer or mobile home of the amount of such delinquent motor vehicle tax and shall forthwith proceed with the collection thereof. The notice shall also recite that unless the entire tax is paid within thirty days from date of notice, distress warrant will be issued therefor."
Your question is whether the distress warrant may be executed by levying on the mobile home after it has been sold to a third party. In the absence of a statute creating a lien on the mobile home, we do not see how it can be. Section 77-1717, R.R.S. 1943, permits levy as upon execution on all of the personal property of the taxpayer, but there would have to be some sort of lien to permit following the mobile home after it was sold to a third person.
We point out that sometimes, at least, there will not actually be a tax loss in the situation where the mobile home is sold after the first half of the taxes are paid. In other situations, there may be less than a full loss. For example, if the mobile home is sold in June, under section77-1240.03, R.R.S. 1943, the seller would be entitled to a credit for the tax for the balance of the year, which would equal the second half of the taxes for the year. The purchaser, on the other hand, would be required to get his own permit for the mobile home, and, if kept in Nebraska, to pay taxes for the balance of the year, as provided in section77-1240.02. In that situation, it would appear that there was no loss of revenue, even though the seller did not pay the second half of the tax.
Obviously, sometimes there will be a loss, but under the present statutes we see no remedy but to try to collect the tax by levying on the personal property of the delinquent taxpayer. This opinion is consistent with a revenue ruling of the tax commissioner dated April 13, 1979.